UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. MJ04-M-284-JLA

UNITED STATES

V.

LEON ROMPREY,

RICHARD ADAMS

and

SANDRA SAUNDERS,

Defendants

**<u>ORDER ON DETENTION</u>**

ALEXANDER, M.J.

The defendants, Leon Romprey, Richard Adams and Sandra Saunders,

appeared before this Court for a detention hearing on December 28, 2004,

pursuant to a complaint charging them with a violation of 21 U.S.C. §§ 841(a)(1)

and 846 (conspiracy to distribute marijuana and possession with intent to

distribute marijuana). At the hearing, the government was represented by

Assistant United States Attorney Nancy Rue and the defendants were represented

as follows:  Attorney James Krasnoo on behalf of Leon Romprey, Attorney

Stephen Weymouth on behalf of Richard Adams, and Attorney Melvin Norris on behalf of Sandra Saunders. The government moved to detain the defendants pursuant to 18 U.S.C. §§ 3142 (f)(1)(C)(the offense carries a potential of ten or more years imprisonment pursuant to the Controlled Substances Act) and (f)(2)(A)(serious risk of flight).

In support of its motion for detention and to establish probable cause, the government offered the credible testimony of Special Agent Kristin Rosenbeck, a seven-year veteran of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") (formerly the United States Customs Service). The Court was also aided by Pretrial Services reports ("PTS Report"). Special Agent Rosenbeck's credible testimony includes the averments set forth below.

A November 8, 2004, seizure by the government of more than fifteen hundred pounds of marijuana led to the December 20, 2004, arrests of Mr. Romprey, Mr. Adams, and Ms. Saunders. Mr. Romprey and Ms. Saunders are husband and wife. Special Agent Rosenbeck was present at some of the events that transpired on November 8, and prior to testifying at the December 28, 2004, detention hearing had testified before the grand jury on three separate occasions regarding these events. Other individuals, in addition to Mr. Romprey, Mr. Adams and Ms. Saunders, have also been arrested in connection with the seizure of

2

marijuana, which had been driven from Texas to the Boston area just prior to the events that unfolded on November 8.

With the assistance of agents acting in an undercover capacity and through the use of video and audio surveillance, Special Agent Rosenbeck along with other agents witnessed or heard transpire the following at a warehouse located at 239 Rangeway Road, Billerica, Massachusetts.   A tractor-trailer, driven by an undercover agent, arrived at the warehouse in the late morning of November 8. An individual later identified as Mr. Adams was present at the warehouse and in charge of unloading the trailer.  Mr. Adams complained about the conditions of the "cover load" used to conceal the presence of marijuana, and also complained about conditions at the warehouse.  After helping unload the trailer, Mr. Adams departed the warehouse just before 2:00 p.m.

Just before 3:00 p.m., a white van registered to Ms. Saunders arrived at the warehouse.  Ms. Saunders and Mr. Romprey were both in the van.  Mr. Romprey and another individual were seen loading large trash bags into the van through a side door, and Ms. Saunders was observed standing outside the van.  The van left the warehouse at approximately 3:00 p.m. and was stopped by state police shortly thereafter, still in Billerica.  Ms. Saunders was driving the van and Mr. Romprey was a passenger.  The officers who stopped the van detected a strong odor of

marijuana through the driver's side window.  A search of the van revealed 67 "bricks" of marijuana wrapped in cellophane, greased, covered with coffee grounds, and stored inside the trash bags. The 67 bricks amounted to approximately 500 pounds of marijuana.[1]

Special Agent Rosenbeck testified that although Ms. Saunders told the officers who stopped the van that she lives in Newton, Massachusetts, it was later determined that Ms. Saunders actually lives in Rumney, New Hampshire.  Agents who surveilled the Newton address provided by Ms. Saunders never saw Ms. Saunders or any vehicle registered to Ms. Saunders at that address.  Special Agent Rosenbeck also testified that the address provided by Mr. Romprey at the time that the van was stopped by law enforcement officers was not Mr. Romprey's real address.  He stated that he lives in West Franklin, New Hampshire, but it was later determined that he lives in Rumney, New Hampshire, with Ms. Saunders.

Mr. Romprey and Ms. Saunders were arrested, pursuant to a warrant, on December 20, 2004, at their Rumney, New Hampshire address.  Ms. Saunders gave verbal permission for a protective sweep of the house and agents observed

---

[1]Bricks of marijuana were also seized from another vehicle that agents had observed at the warehouse as well as from the warehouse itself.

nine rifles, at least some of which were stored in a cabinet with a missing pane of glass.

Mr. Adams was also arrested, pursuant to a warrant, on December 20, 2004, and also consented to a search of his residence. Agents discovered knives, a sword, a gun-cleaning kit, and 2 taser stun guns.

On the basis of Special Agent Rosenbeck's testimony and other documentary evidence, the Court FINDS that there is PROBABLE CAUSE to believe that the defendants committed the offenses with which they are charged. With the aforementioned evidence in mind, the Court engages in the detention calculus.

Pursuant to the Bail Reform Act of 1984, this Court shall detain a criminal defendant pending trial upon a determination that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. . . ." 18 U.S.C. § 3142 (e); United States v. Montalvo-Murillo, 495 U.S. 711, 716-17 (1990). "With regard to risk of flight as a basis for detention, the Government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings." United States v. DiGiacomo, 746 F. Supp. 1176, 1180-81 (D. Mass. 1990). The burden of

persuasion remains with the Government on the question of flight risk.  <u>See</u>

<u>DiGiacomo,</u> 746 F. Supp. at 1181 (citing <u>United States v. Jessup</u>, 757 F. 2d 378,

381-82 (1st Cir. 1985)).

      The issue of whether the defendant poses a danger to the community has a

different requirement.  The Government must prove by clear and convincing

evidence that no combination of conditions will reasonably assure the safety of

any other person and the community.  <u>United States v. Chimurenga</u>, 760 F.2d 400

(2d Cir. 1985).  The meaning of clear and convincing evidence does not imply that

the judge be "plumb sure" that there is no set of conditions that will protect the

public, but the judge should be "pretty sure."  <u>United States v. Gray</u>, 651 F. Supp.

432 (W.D. Ark. 1987), <u>aff'd</u>, 855 F.2d 858 (8th Cir.), <u>cert. denied</u>, 488 U.S. 866

(1988).

      However, in cases involving violations of the Controlled Substances Act, 21

U.S.C. § 801 <u>et seq.</u>, for which the defendant may be imprisoned for 10 or more

years, there is a rebuttable presumption that there is "no condition or set of

conditions [that] will reasonably assure the appearance of the person and the safety

of any other person and the community." 18 U.S.C. § 3142(e).  This rebuttable

presumption operates to shift the burden of production, but not the burden of

persuasion, to the defendant.  <u>See</u> <u>Jessup</u>, 757 F.2d at 381.  The rebuttable

presumption reflects Congress's belief that narcotics traffickers have the resources

and contacts to flee to other countries, and that they pose particular risks of

recidivism if released pending trial.   United States v. Arroyo-Reyes, 32 F.3d 561,

1994 WL 440654, at * 3 (1st Cir. 1994) (Table) (per curiam) (citing United States

v. Palmer-Contreras, 835 F.2d 15, 17 (1st Cir 1987)); United States v. Williams,

753 F.2d 329, 335 (4th Cir. 1985).  See also United States v. Portes, 786 F.2d 758,

765 (7th Cir. 1985).  Nevertheless, because of the interference of pre-trial detention

with the "importan[t] and fundamental . . . right" of liberty, United States v.

Salerno, 481 U.S. 739, 750 (1987), this Court will not make such a finding lightly.

 The Court's independent analysis regarding detention is governed by the rubric

set forth in 18 U.S.C. § 3142(g).

        First, the Court looks to the nature and circumstances of the offense charged

against the defendants.  There is no evidence here suggesting a violent nature to

this alleged drug conspiracy.  Although marijuana may not have as clear a

destructive capacity as drugs such as cocaine/cocaine base or heroin, the Court

notes that marijuana is nevertheless a controlled substance.  The Court takes

seriously any conspiracy to distribute any drug.  The amount of marijuana at issue

in this case is clearly cause for concern.  This Court finds the offense at issue here

to be serious.

Second, the Court looks to the weight of the evidence against the defendants. Here, the evidence is not insignificant and, as previously discussed, is sufficient to establish probable cause.

The Court's third inquiry relates to the individual defendants. The Court addresses each of them in turn. Mr. Romprey, as previously noted, appears to have provided a false address to law enforcement officers. Defense counsel suggested that Mr. Romprey was taking care of his step-father, who resided at the West Franklin, New Hampshire, address provided by Mr. Romprey, but according to the government, the Rumney, New Hampshire, residence where Mr. Romprey and Ms. Saunders were arrested appeared to be the primary residence. Additionally, Mr. Romprey's record indicates defaults on prior court appearances. The provision of a false address as well as Mr. Romprey's previous defaults raises cause for concern as to whether Mr. Romprey will appear in court when he is due to do so. The Court will therefore order that Mr. Romprey be detained to answer to the charges against him.

The Court is equally concerned about the risk of flight of Ms. Saunders. Following the December 28, 2004, detention hearing, an additional hearing regarding Ms. Saunders was held on November 13, 2005, at which counsel for both the government and Ms. Saunders were present. Ms. Saunders appears to

8

have provided a false address in Newton, Massachusetts, to the law enforcement officers who stopped her van on November 8, 2004. Although Ms. Saunders does receive some mail at the Newton address, and the government stipulated to this fact, Ms. Saunders told pre-trial services that she only lived at the Newton address when she was working as a home health aide. She also stated that she has not worked as a home health aide since November 2003 and that she lives with her husband, Mr. Romprey, in Rumney, New Hampshire.

Although Ms. Saunders does have family ties to the Boston area, those ties are, as the government averred, "drug ties." Ms. Saunders' husband is, pursuant to this Order, to be detained pending his trial on the same charges that are pending against Ms. Saunders. Additionally, a daughter of Ms. Saunders appears to have been involved with at least some of Ms. Saunders' prior drug related activities. Ms. Saunders has prior drug felony convictions, and has prior defaults, although no warrants appear to have issued on the basis of those defaults. Additionally, Ms. Saunders was living with firearms in her house, something that the law forbids of a convicted felon.

At the December 28, 2004, detention hearing the Court heard testimony from Ms. Saunders' sister-in-law, Rita Corvino Magnone, who testified on Ms. Saunders' behalf. Ms. Magnone testified that she has known Ms. Saunders since

the two were teenagers, that Ms. Saunders has taken care of members of Ms. Magnone's family while working as a home health aide, and expressed, generally, her feelings that Ms. Saunders is a good person. Although the Court does not doubt the good intentions of Ms. Magnone, it is not persuaded that Ms. Saunders does not pose a risk of flight. The uncertainty of her current residence, her prior defaults, and the seriousness of the crimes with which she is charged weigh against Ms. Saunders. For these reasons, the Court will order Ms. Saunders be detained to answer to the charges against her.

Lastly, the Court addresses the detention of Mr. Adams. Mr. Adams has a serious prior record of violence including two armed robbery convictions. At the time of his arrest, various weapons were discovered in his home. Furthermore, Mr. Adams was, at the time of his arrest, on supervised release from Suffolk Superior Court, and revocation proceedings by that court have already commenced. For these reasons, the Court will order that Mr. Adams be detained as well.

After considering all evidence before the Court, and the presumption of 18 U.S.C. § 3142(e-f), the Court concludes by clear and convincing evidence that RICHARD ADAMS poses a danger to the community, and by a preponderance of the evidence that LEON ROMPREY and SANDRA SAUNDERS pose a risk of

flight, neither of which can be vitiated by any condition or combination of

conditions of release.  Accordingly, the Court ORDERS them detained pending

trial.  Further, pursuant to 18 U.S.C. §3142 (i) it is ORDERED that:

1.   The Defendants be, and hereby are, committed to the Custody of the
     Attorney General for confinement in a corrections facility, separate, to the
     extent practicable, from persons awaiting or serving sentences or being held
     in custody pending appeal;

2.   The Defendants be afforded reasonable opportunity for private consultation
     with his or her counselor; and

3.   On order of a court of the United States or on request of an attorney for the
     government, the person in charge of the corrections facility(s) in which the
     Defendants are confined shall deliver the Defendants to an authorized
     Deputy United States Marshal for the purpose of any appearance in
     connection with a court proceeding.

     Review of this Order may be obtained by a defendant's filing of a motion

for revocation or  amendment pursuant to 18 U.S.C. § 3145 (b).

SO ORDERED.


2/3/05                                    /S/ Joyce London Alexander
Date                                      United States Magistrate Judge