UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA   )<br>                                               )<br>v.                                            )   CR. NO. 04-MJ-00284-JLA<br>                                               )<br>LEON ROMPREY                   )<br>                                               ) | |

**MOTION FOR REVOCATION OF OR**
**AMENDMENT OF DETENTION ORDER**

Now comes the Defendant and seeks review of the order of detention of the United States Magistrate, pursuant to 18 U.S. Code § 3145(b) and assigns as reasons therefor:

1. The court ordered the defendant detained on February 3, 2005.

2. The defendant has not had an adequate opportunity to address the matters that the court pointed out were adverse to the defendant, causing him to be the subject of detention.

3. The Court ignores the fact that Romprey and his co-defendant wife Saunders were stopped on or about November 7, 2004 wherein marijuana was retrieved from the vehicle in which the defendant Romprey was a passenger and the defendant's wife was the driver.  From November 7, 2004 to the date of arrest on December 20, 2004 the defendant did not attempt to flee, did not leave the jurisdiction, and was neither a source of danger to himself or to others.

4. The Court stated that the address provided by Romprey when given to law enforcement officers on November 7, 2004 was not Mr. Romprey's real address.

5. Mr. Romprey in fact has lived West Franklin, New Hampshire for a sizable period of time, as he took care of his retired, disabled stepfather at 6 Green Street West Franklin, New Hampshire.

6.  The way in which the Court wrote the opinion implies that the address was fictitious; in fact, the address in West Franklin belongs to Mr. Romprey's stepfather who would have been able to tell police officers who stopped there any other address at which his stepson would be living.  The language of the order of detention is written so as to suggest that Mr. Romprey intended deceit, but the facts do not bear or sustain that impermissible inference.

      7. Defendant's counsel needs time to obtain an affidavit from Mr. Romprey's stepfather, the stepfather.

      8. The Court incorrectly characterizes the West Franklin address as a "false address".

      9. The Court also was concerned whether or not Mr. Romprey would appear in court when he was due so to appear, because of previous defaults on his record. As to the default charges, they appear to be for default for failure to pay the victim witness fee and court costs in an OUI case that occurred on April 29, 1991 for which the defendant received probation on February 18, 1993. The default appears to be monies, not refusing to come into court.

      10. There are for December 20, 1991 two offenses, OUI and operating after suspended license, in the Chelsea district court that were continued in June of 1992.

      11. Defendant has attempted to obtain from counsel who was handling those matters papers in the above-entitled matter and finally did so January 21, 2005.

      12. According to the Massachusetts Registry of Motor Vehicles, the default issued from the Malden district court on October 29, 2001.

      13. Records recently received by the defendant's counsel appear to indicate that Romprey could obtain a probationary license in New Hampshire where he resides.

      14. The defendant moreover appears to have attended an impaired driver intervention program in New Hampshire.

      15. The defendant believed that if such information is presented to the Chelsea district court, the default would be removed.

      16. The defendant being in federal custody has no present ability to command his presence at the Chelsea district court.

      17. None of the facts set forth in paragraphs 11 through 16, *supra*, had been brought to the Magistrate's attention before she issued the order of detention.

      18. While the statue provides the government must show (1) there are no conditions of release that would assure the defendant's presence at court proceedings or that (2) the defendant is a danger to himself or society, the defendant notes (a) his criminal record is totally absent for any drug offense (b) he has no passport or ability to flee the jurisdiction (c) although he has the right to a probationary license, he has in fact no license (d) his residential address in Rumney NH is less than 1 mile away from the Rumney police station  (e) the defendant is not able to utilize a vehicle to flee the

jurisdiction  (f) there is no showing that the defendant enjoys material wealth sufficient to permit him to flee the jurisdiction or the country (g) the defendant is an American citizen.

     19.  The defendant was never afforded an opportunity to gather these materials and to present the above facts to the magistrate so as to demonstrate to the magistrate that there are conditions under the which the defendant may be released and be at liberty.

     WHEREFORE, for the above reasons the defendant seeks review of the detention order.

                                                                     The Defendant
                                                                     By His Attorney,


                                                /s/ James B. Krasnoo
                                                James B. Krasnoo (BBO #279300)
                                                Law Offices of James B. Krasnoo
                                                23 Main Street, Terrace Level
                                                Andover, MA  01810
                                                (978) 475-9955


## CERTIFICATE OF SERVICE

     I, hereby certify that a true copy of the above document was served upon Nancy Rue, Assistant United States Attorney by first class mail on February 9, 2005.


                                                /s/ James B. Krasnoo
                                                James B. Krasnoo

    *